IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| AS TRUSTEE OF THE | § | |
| FLORENCE THELMA HALL | § | |
| TESTAMENTARY TRUST AND AS | § | |
| TRUSTEE OF THE FLORENCE | § | |
| MARIE HALL TRUST U/A, | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:15-CV-00038 |
| v. | § | |
| | § | |
| DEVON ENERGY PRODUCTION | § | |
| COMPANY, L.P., | § | |
|     Defendant | § | |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY

Plaintiff ("Trustee") files this Reply to Defendant's ("Devon") Response to Plaintiff's Motion to Exclude Testimony of Defendant's Expert Witness Wayman T. Gore (the "Motion"), and in support of the Motion respectfully shows as follows:

## A.    Mr. Gore, an engineer, should not be allowed to testify regarding interpretation of the lease provisions.

Devon contends that "the general grounds in the Motion should be ignored" because the Trustee has moved to exclude only portions of Mr. Gore's testimony and "the Court should not be required to comb through Mr. Gore's expert report and deposition . . . to isolate what they believe the Trustee is complaining about." Devon's designation of Mr. Gore as an expert vaguely states that he "will testify concerning the matters contained in his Expert Report dated August 15, 2016, as amended and/or supplemented by Mr. Gore."[1] Despite the generality of this designation, the Trustee has

---

[1] Doc. 20, p. 1.  All references to previously filed documents are to document and page numbers created by the Court's electronic filing system.

cited specific language in Mr. Gore's report[2] that should be excluded, as well as specific areas of testimony by Mr. Gore that should be excluded.

The Trustee has moved to exclude Mr. Gore's legal conclusions interpreting the oil and gas lease in question (the "Lease") including his opinions that the Lease has not terminated (a legal conclusion regarding an outcome determinative question of law that he states twice in his report)[3] and that Devon has retained acreage in two Production Units under the Lease (a related legal conclusion dependent upon the legal conclusion that the lease has not terminated),[4] his attempts to construe the meaning and intent of the Lease provisions which are scattered throughout his report and include his opinion that "[o]ne must therefore examine the applicable field rule, not the real property records, to determine the acreage contained in a Production Unit and retained past the primary term of the Lease",[5] and his opinions that "the written designations filed in the property records are merely ministerial in nature"[6] and that Rules 3 and 4b of the Railroad Commission field rules rather than the provisions of the Lease apply to the wells in question.[7]  These statements of lease interpretation by Mr. Gore parrot the various legal theories stated by Devon in its pleadings and are clearly questions of law regarding the interpretation of the lease which are reserved for the Court and should not be espoused to the Court or the jury by an expert whose qualifications are limited to engineering matters.

---

[2] Gore's Expert Report is attached to the Trustee's Motion as Exhibit A-1 (Doc. 30-2).
[3] Doc 30-2, pp. 4 (first para.), 9 (last sentence, first full para.), and 10 (first full para.).
[4] *Id.*, pp. 4 (first para.), and 8-9.
[5] *Id.*, p. 8 (third full para.).
[6] *Id.*, p. 9 (second full para.).
[7] *Id.*, p. 9 (third full para.).

Devon has asserted that even if the Court finds the Lease to have terminated, Mr. Gore should be allowed to testify that Devon's contrary interpretation of the Lease was reasonable-- which is just another way of having Mr. Gore testify that the Court's construction of the Lease was wrong and that parol evidence should be allowed to determine the meaning of the unambiguous Lease provisions.  Mr. Gore should not be allowed to testify in this regard—to do so is to usurp the role of the Court in the interpretation of the Lease.   All testimony of Mr. Gore pertaining to interpretation of the provisions of the Lease should be excluded.

**B.     Devon has consistently mischaracterized the testimony of Robert Maxwell, and seeks to adopt isolated passages of his testimony which it views as favorable while maintaining that Mr. Gore's complete repudiation of Mr. Maxwell as a witness is still relevant.**

Devon has repeatedly attempted in its pleadings to mischaracterize the testimony of Robert Maxwell, an in-house engineer whose testimony was deemed by the Trustee to be unnecessary after Devon's corporate representative and former employees testified regarding Devon's actual practices in making filings with the RRC that are relevant to this case.  Mr. Gore devotes the bulk of his Report to attacks on the credibility of Mr. Maxwell,[8] yet Devon inexplicably states that it may call Mr. Maxwell as a witness at trial to testify regarding the application of RRC rules to the Lease.  In fact, in his deposition, Mr. Maxwell resisted attempts by counsel for Devon to solicit legal conclusions.[9]  Devon would like to adopt isolated statements by Mr. Maxwell in his deposition that it deems

---

[8] Gore states that Maxwell "does not understand RRC rules and regulations," that he "has been misinformed or he simply does not understand the Phantom (Wolfcamp) field rules," that he is "misinformed or simply uneducated on the RRC's intent and use of the 'box rule' and that "[h]is opinion in this regard is simply wrong," that his "opinion on the operation of paragraph 6c of the lease and the RRC rules does not make sense and goes against all logic." [Doc. 30-2, pp. 4-7].
[9] *See, e.g.,* Excerpts from Deposition of Robert D. Maxwell dated July 15, 2016, 74:16-75:3, 117:23-118:15, 136:22-137:4, 181:11-182:1 attached hereto as Exhibit A.

supportive of its position, while failing to provide the context of those statements and continuing to claim that Mr. Gore's attack on his credibility remains relevant. Mr. Gore's opinions regarding the credibility and testimony of Mr. Maxwell should be excluded.

## C.    Mr. Gore is not qualified to render opinions regarding lease bonus values, and his underlying data and methodology are deficient.

Devon contends that Mr. Gore should be allowed to testify regarding damages in this cause, despite the fact that Mr. Gore is not an accountant, economist or appraiser and his analysis is based upon a faulty legal premise and incomplete underlying data. As set forth in the Trustee's motion to exclude, Mr. Gore's entire analysis of damages is based upon his assumption (in accordance with Devon's misguided legal theory) that the Trustee's damages for loss of the opportunity to lease the property to another party after termination of the Lease should be measured at the time of breach of the contract and not at the time of trial or other final determination of the issues in this case. First, this argument assumes that this is primarily a breach of contract case, when in fact the Trustee's complaint is focused upon removal of the cloud on its title and recovery of tort damages for Devon's behavior in clouding the title after the Lease terminated. The Texas Supreme Court has clearly stated that the appropriate time for valuation of damages related to a cloud on title is at the time of trial with the cloud removed. *Reaugh v. McCollum Expl. Co.*, 163 S.W.2d 620, 622 (Tex. 1942). Devon's only response to this was to state that Mr. Gore followed the formula in *Reaugh* in concluding that the Trustee has sustained no damage, which is impossible because there is not even a trial date set in this case and the Court has yet to determine that Devon's

cloud on title is removed.  Mr. Gore is not qualified to testify regarding damages, and such testimony should be excluded.

**D.      Procedural Considerations.**

The Trustee filed its motion to exclude the testimony of Mr. Gore at this time in order to comply with the Court's Scheduling Order in this cause,[10] Devon has responded to the motion, stating that it is premature due to the pendency of the dispositive motions of both parties, the determination of which will clarify the remaining issues in this case.  The Trustee agrees with this and requests that the Court's consideration of the motion be postponed until after all dispositive motions in the case have been resolved.

**PRAYER**

WHEREFORE, The Trustee requests that the Court delay consideration of its Motion to Exclude the Testimony of Defendant's Expert Witness Wayman T. Gore until a ruling on the parties' dispositive motions, but that upon such consideration the testimony of Wayman Gore be excluded as set forth above and in its Motion and for such other and further relief to which it may be justly entitled.

---

[10]The Scheduling Order required that a motion to exclude expert testimony be filed within the later of 45 days after receipt of the expert's report or 45 days after the expert's deposition.  Doc. 9.

Respectfully submitted,

/s/ Karen Bogisch
J. Robert Goldsmith, Jr.
Texas Bar No. 08096500
bob@goldsmithandbogisch.com
Attorney in Charge
Karen Bogisch
Texas Bar No. 00793359
karen@goldsmithandbogisch.com
GOLDSMITH, BOGISCH & CHAIRES
6836 Bee Caves Road
Building 3, Suite 204
Austin, Texas 78746
Telephone: 512-327-6966
Facsimile No. 512-327-8213

Richard E. Booth
Texas Bar No. 02648800
rbooth@lcalawfirm.com
LYNCH, CHAPPELL & ALSUP
300 North Marienfield, Suite 700
Midland, Texas 79701
Telephone: 432-683-3351

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Counsel for the Trustee has conferred with counsel for Devon in a good-faith attempt to resolve by agreement the matters raised by the Trustee's Motion to Exclude the Testimony of Defendant's Expert Witness Wayman T. Gore, and, while not reaching agreement on the substance of the motion at this time, the parties have agreed that a ruling on the Motion would be premature until the Court has ruled on all dispositive motions, and counsel has agreed to confer again regarding the substance of the motion at that time.

   /s/ Karen Bogisch

Karen Bogisch

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John R. Thompson III
john.thompson@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3503
Facsimile: (817) 878-9703


Max E. Wright
max.wright@kellyhart.com
Anna Brandl
anna.brandl@kellyhart.com
KELLY HART & HALLMAN LLP
508 West Wall, Suite 444
Midland, Texas 79701
Telephone: (432) 683-4691
Facsimile: (432) 683-6518


/s/ Karen Bogisch
Karen Bogisch